FILED

2007 Apr-13  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARILOU RUCKER, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-06-CO-01342-S |
| | ] | |
| BOARD OF TRUSTEES OF THE | ] | |
| UNIVERSITY OF ALABAMA, et al., | ] | |
| | ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration a motion to dismiss, which was filed

by the Board of Trustees of the University of Alabama for its division, the

University of Alabama at Birmingham ("the Board"), and President Carol

Garrison (collectively, "Defendants"), on October 4, 2006.   (Doc. 11.)

Plaintiff Marilou Rucker sued Defendants under 42 U.S.C. § 1983 ("§ 1983")

for alleged violations of her First and Fourteenth Amendment rights, as well

as defamation under Alabama law.   (Doc. 1.)   The issues raised in

Defendants' motion to dismiss have been fully briefed by all parties and are

now ripe for decision.  Upon due consideration and for the reasons stated herein, the motion to dismiss will be granted in part and denied in part.

II.   Facts.[1]

Plaintiff Marilou Rucker has worked as a full-time employee with the University of Alabama at Birmingham ("UAB") since July 23, 2001.  Around November 28, 2005, Ms. Rucker received a forwarded email that contained political commentary.  Plaintiff forwarded that email to several co-workers in her department, and the email was purportedly forwarded by at least one of those co-workers to other UAB employees in a different department. Certain employees from the different department complained that the content of the email was offensive and brought it to the attention of UAB President Carol Garrison.  President Garrison, citing UAB's written policy regarding the use of email, subsequently terminated Ms. Rucker's employment.   Plaintiff asserts that she was terminated without any

---

[1] For the purposes of this opinion, the facts are accepted as alleged in the complaint.  Recitation of the facts alleged by the plaintiff in this opinion is not to be construed as a verification that the allegations are true.  Pursuant to this Court's Order on January 8, 2007, the evidentiary exhibits attached to Defendants' memorandum of law were excluded from consideration at this stage of proceedings (Doc. 16), and all argument related to evidence outside the pleadings was ignored.

investigation or inquiry, and in violation of UAB's written disciplinary procedures.

III.    Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor on the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

IV.    Analysis.

Defendants contend that Plaintiff's action against them should be dismissed because her § 1983 and state law claims are barred by Eleventh Amendment immunity, the doctrine of qualified immunity, and/or sovereign immunity.   Plaintiff argues that Defendants' motion to dismiss should be denied.

A.    Section 1983 Claims.

1.    The Board.

Plaintiff does not concede in her memorandum of law that the Board is entitled to be dismissed from this action, but she never disputes the Board's argument that it is immune from Plaintiffs' claims.

The Eleventh Circuit Court of Appeals has held that the Eleventh Amendment bars suits by private parties "seeking to impose a liability which must be paid from public funds in the state treasury."  *Harden v. Adams,* 760 F.2d 1158, 1163 (11th Cir. 1985) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).  This rule applies to monetary actions instituted against a state, a state agency, or a state official, and it covers claims for injunctive relief against the state or its instrumentalities.   *Id*.   Generally, a

determination whether an entity is an "agency or instrumentality" of the state is made by reference to state law. *Id.* (citing *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)). The Alabama Supreme Court has held that state universities and their boards of trustees are agencies or instrumentalities of the state that are entitled to the state's constitutional immunity from suit. *See, e.g.*, *Carter v. Bd. of Trustees of the Univ. of Ala. in Birmingham*, 431 So. 2d 529, 531 (Ala. 1983). It is clear, therefore, that the Board is immune from Plaintiff's § 1983 claims.

        2.    President Carol Garrison.

        a.    Official Capacity.

For the reasons stated above, Defendant Garrison is also entitled to Eleventh Amendment immunity with regard to Plaintiff's § 1983 official capacity claims for damages. "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). However, Plaintiff is correct that "official-capacity actions for prospective relief are not treated as actions against the State." *Id.* at 71 n.10 (citations

omitted).  Therefore, Plaintiff's § 1983 claims for injunctive relief against President Garrison in her official capacity are not barred.

        b.     Individual Capacity.

Garrison maintains that she is also entitled to qualified immunity from Plaintiff's § 1983 individual capacity claims.  In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the U.S. Supreme Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known."  *Id*. at 818.  The purpose of qualified immunity is to "ensure that before they are subjected to suit, officers are on notice their conduct is unlawful."  *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Saucier v. Katz*, 535 U.S. 194, 206 (2001)).

The Eleventh Circuit has held that once a defendant raises the defense of qualified immunity, the plaintiff bears the burden of proving that the federal rights that were allegedly violated were clearly established.  *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996).  This is a difficult burden to discharge because "only in exceptional cases will government actors have

no shield against claims made against them in their *individual capacities*."
*Id*. (quoting *Lassiter v. Alabama A&M Univ.*, 28 F.3d 1146, 1149 (11th Cir.
1994)).

The protection of qualified immunity requires this Court to make two
inquiries: (1) Has the plaintiff stated a violation of a constitutional right?;
and (2) Was that right clearly established?  *Siegert v. Gilley,* 500 U.S. 226,
232 (1991); *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).  Plaintiff
claims that her First Amendment right to free speech and her Fourteenth
Amendment rights to due process and equal protection have been violated.
She argues that "[t]here is no doubt that the First Amendment right to free
speech and the Fourteenth Amendment right to due process are 'clearly'
established."  (Doc. 17 ¶ 6.)  However, the question is not whether certain
constitutional rights are clearly established in theory.  "[I]f the test of
'clearly established law' were to be applied at this level of generality, it
would bear no relationship to the 'objective legal reasonableness' that is
the touchstone of *Harlow*.  Plaintiffs would be able to convert the rule of
qualified immunity that our cases plainly establish into a rule of virtually

unqualified liability simply by alleging violation of extremely abstract rights." *Anderson*, 483 U.S. at 639.

In order for a constitutional right to be "clearly established," it must be "sufficiently clear that a reasonable official would understand that what [s]he is doing violates that right. . . [,] and in the light of pre-existing law[,] the unlawfulness must be apparent." *Hope*, 536 U.S. at 739 (quoting *Anderson*, 483 U.S. at 640). "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." *Jenkins v. Talladega City Bd. of Ed.*, 115 F.3d 821, 827 n.4 (11th Cir. 1997) (citing *Hamilton v. Cannon*, 80 F.3d 1525, 1532 n.7 (11th Cir. 1996)). In the absence of case law, a plaintiff must show that "the words of a federal statute or federal constitutional provision [are] so clear and the conduct so bad that case law is not needed to establish that the conduct cannot be lawful." *Storck v. City of Coral Springs*, 354 F.3d 1307, 1317 (11th Cir. 2003) (quoting *Vinyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002)).

Plaintiff, however, has not identified any U.S. Supreme Court case law, Eleventh Circuit Court of Appeals case law, or Alabama Supreme Court case law establishing that officials in President Garrison's position violated a plaintiff's First or Fourteenth Amendment rights in a situation materially similar to the one alleged in Plaintiff's complaint.  Her argument that she needs discovery in order to ascertain "whether or not Garrison knew her actions were illegal" confirms that this is not an "obvious clarity" case. (Doc. 17 ¶ 6.)  Because Plaintiff has failed to meet her acknowledged burden of showing that the alleged constitutional violations she suffered were "clearly established," President Garrison is entitled to dismissal with regard to Plaintiff's § 1983 individual capacity claims.

B.    State Law Claim.

Plaintiff does not make any argument in opposition to the defendants' assertions that they are entitled to immunity from her purported state law defamation claim.

Article I, § 14 of the Alabama Constitution provides that "the State of Alabama shall not be made a defendant in any court of law or equity."  As noted previously, under Alabama law, state universities and their boards of

trustees share the state's constitutional immunity from suit.  *See, e.g.*, *Carter v. Bd. of Trustees of the Univ. of Ala. in Birmingham*, 431 So. 2d 529, 531 (Ala. 1983).  The Board, therefore, is absolutely immune from Plaintiff's tort law claim.

Article I, § 14 of the Alabama Constitution also prohibits Plaintiff's official capacity defamation suit against President Garrison.  Plaintiff's state law claim and relief requested do not fall under any of the exceptions listed in *Gill v. Sewell*, 256 So. 2d 1196, 1198 (Ala. 1978).

While § 14 "does not necessarily immunize State officers and agents from individual civil liability," *id.*, a defendant "engaged in the performance of discretionary functions [is] entitled to qualified immunity."  *Nance v. Matthews*, 622 So. 2d 297, 300 (Ala. 1993).  President Garrison's alleged wrongful actions clearly relate to her discretionary, and not ministerial, functions.  *See Nance*, 622 So. 2d at 300 ("Ministerial acts are those involving less in the way of personal decision or judgment . . . . [they are] done by officers and employees who are required to carry out the orders of others or to administer the law with little choice as to when, where, how, or under what circumstances . . . .").  The defense of qualified, or

discretionary-function, immunity includes allegations of negligence, willfulness, and wantonness. *Id.* at 302. It "does not apply to allegations of bad faith and fraud." *Id.* In her complaint, Plaintiff asserts that "Defendants have also wrongfully defamed, abused and sullied Plaintiff's good name and reputation by negligently, recklessly and wantonly failing to follow its policy(s) [sic] and procedures, all to her great detriment and damage." (Doc. 1 ¶ 24.) Because Plaintiff has not made any allegations of bad faith,  fraud, or even malice in association with her defamation claim, President Garrison, in her individual capacity, is entitled to discretionary-function immunity with regard to Plaintiff's tort law claim.

V.    Conclusion.

For the reasons stated above, Defendants' motion to dismiss will be granted in part and denied in part. The Board is entitled to dismissal from this entire action with prejudice. With regard to Plaintiff's claims against President Carol Garrison, the state law defamation claim will be dismissed without prejudice; the § 1983 individual capacity claims will be dismissed without prejudice; and the § 1983 official capacity claims for damages will be dismissed with prejudice. Plaintiff's § 1983 official capacity claims for

injunctive relief against President Garrison remain.  A separate order will be

entered.

Done this 13th day of April 2007.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153